IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>EVERNOTE CORPORATION,<br><br>    Defendant. | C.A. No. 6:20-cv-00603<br><br>JURY TRIAL DEMANDED |

**DEFENDANT EVERNOTE CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO THE COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Evernote Corporation ("Evernote"), by and through its undersigned counsel, hereby responds to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies"). For the sake of convenience, Evernote incorporates the headings appearing in the Complaint. Evernote does not admit any allegation made in, or inference suggested by, such headings, and specifically denies the same. Evernote denies all allegations in the Complaint that are not expressly admitted below. Evernote denies that Blackbird Technologies is entitled to the requested relief or any other relief.

**THE PARTIES**

1. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies same.

2. Evernote admits that Evernote is a Delaware corporation with its principal place of business in Redwood City, California. Evernote further admits that the address for its Delaware registered agent is 251 Little Falls Drive, Wilmington, Delaware 19808. Evernote denies any remaining allegations in paragraph 2.

1

### Illinois Institute of Technology

3. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore denies same.

### Blackbird Technologies

4. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies same.

### Evernote

5. Evernote admits that Evernote is a privately held computer software company that, collectively with its subsidiaries, employs approximately 282 people worldwide. Evernote further admits that by July 2016, Evernote had an estimated 200 million users worldwide for its products.

### JURISDICTION AND VENUE

6. Evernote admits that this is an action alleging infringement of United States patents arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

7. Evernote admits that this this Court has subject matter jurisdiction over patent actions generally under 28 U.S.C. §§ 1331 and 1338(a). Evernote denies any remaining allegations of paragraph 7.

8. For purposes of this action only, Evernote admits that Evernote is subject to this Court's personal jurisdiction. Evernote further admits further that it has a place of business at 3300 N. Interstate 35, Suite 400, Austin, Texas 78705. Evernote denies the remaining allegations of paragraph 8, including that Evernote has committed any acts of patent infringement or that acts by Evernote in this District have caused injury to Blackbird Technologies.

9. For purposes of this action only, Evernote admits that venue is proper in this District. Evernote denies the remaining allegations of paragraph 9, including that Evernote has committed any acts of patent infringement.

10. Evernote admits that Evernote has a place of business at 3300 N. Interstate 35, Suite 400, Austin, Texas 78705. Evernote further admits that it has approximately 60 employees in its Austin office. Evernote denies any remaining allegations of paragraph 10.

## U.S. PATENT NO. 9,183,220

11. Evernote admits that the face of U.S. Patent No. 9,183,220 (the "'220 Patent" or "patent-in-suit") states that the title of the '220 Patent is "Hierarchical structured data organization system." Evernote denies that the '220 Patent is valid, enforceable, and duly issued. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 11, and therefore denies same.

12. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies same.

13. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies same.

14. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies same.

15. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies same.

16. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies same.

17. Evernote is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies same.

## COUNT I – INFRINGEMENT OF THE '220 PATENT

18. Evernote incorporates the preceding paragraphs as if fully set forth herein.

19. Evernote operates a software application ("Evernote Software") that creates, preserves, and organizes memories, photos, drawings, notes and more into Evernote Notes. (https://evernote.com/). Evernote denies the remaining allegations of this paragraph, including any allegation that Evernote has committed any acts of patent infringement.

20. The Evernote Software utilizes "tags" to organize notes. Evernote denies the remaining allegations of this paragraph, including any allegation that Evernote has committed any acts of patent infringement.

21. Evernote denies the allegations of paragraph 21.

22. Evernote denies the allegations of paragraph 22.

23. Evernote denies the allegations of paragraph 23.

24. Evernote denies the allegations of paragraph 24.

25. Evernote denies the allegations of paragraph 25.

26. Evernote denies the allegations of paragraph 26.

27. Evernote denies the allegations of paragraph 27.

28. Evernote denies the allegations of paragraph 28.

29. Evernote denies the allegations of paragraph 29.

30. Evernote denies the allegations of paragraph 30.

31. Evernote denies the allegations of paragraph 31.

32. Evernote denies the allegations of paragraph 32.

33. Evernote denies the allegations of paragraph 33.

34. Evernote denies the allegations of paragraph 34.

35. Evernote denies the allegations of paragraph 35.

36. Evernote denies the allegations of paragraph 36.

## DAMAGES

37. Evernote denies the allegations of paragraph 37.

38. Evernote denies the allegations of paragraph 38.

39. Evernote denies the allegations of paragraph 39.

## PRAYER FOR RELIEF

Evernote specifically denies any factual assertions and underlying allegations contained in the prayer for relief, and further denies that Blackbird Technologies is entitled to any relief sought in its prayer for relief. To the extent any allegations of the Complaint have not been previously specifically admitted or denied, Evernote denies them.

## DEMAND FOR JURY TRIAL

This paragraph contains a demand for jury trial to which no response is required. Evernote also demands a trial by jury on all issues so triable, in accordance with Fed. R. Civ. P. 38(b).

**EVERNOTE'S DEFENSES**

Without any admission as to the burden of proof, and subject to its responses above, Evernote asserts the following defenses, upon information and belief, in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Evernote undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Evernote expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

**First Defense**
**(Non-Infringement)**

Evernote has not infringed and does not infringe, directly, indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '220 Patent.

**Second Defense**
**(Invalidity)**

One or more claims of the '220 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, and without limitation, one or more claims of the '220 Patent are invalid under each section of 35 U.S.C. § 102 based on prior art that was known or used in the United States, and that the patent was invented by another.

**Third Defense**
**(Prosecution History Estoppel)**

By reason of statements, representations, admissions, concessions, arguments, omissions and/or amendments made by and/or on behalf of the applicants during the prosecution of the application that led to the issuance of the '220 Patent, Blackbird Technologies' claims of patent

infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

## Fourth Defense
### (Statutory Limit on Damages)

Blackbird Technologies' claims for damages and/or costs are statutorily limited by 35 U.S.C. §§ 286- 287. Specifically, on information and belief, any claim for pre-suit damages is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## Fifth Defense
### (Express License, Implied License, and Patent Exhaustion)

Blackbird Technologies' claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, or patent exhaustion. Moreover, Blackbird Technologies' claims are precluded under the doctrine of patent exhaustion.

## Sixth Defense
### (Equitable Defenses)

Blackbird Technologies' claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, unclean hands and/or other equitable remedies.

## Seventh Defense
### (Failure to State a Claim)

Blackbird Technologies' Complaint fails to state a claim upon which relief can be granted. For example, the Complaint fails to state a claim for either direct or indirect infringement of the '220 Patent.

## Reservation of Remaining Defenses

Evernote reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery.

## EVERNOTE CORPORATION'S COUNTERCLAIMS

1. This is an action seeking declaratory judgements of non-infringement and invalidity of U.S. Patent No. 9,183,220 (the "'220 Patent").

## THE PARTIES

2. Counterclaimant Evernote Corporation ("Evernote") is a Delaware corporation with its principal place of business in Redwood City, California.

3. Upon information and belief, Counterclaim Defendant Blackbird Technologies ("Blackbird Technologies") is a Delaware limited liability company with its principal place of business located at 200 Baker Avenue, Suite 303, Concord, Massachusetts 01742.

4. Blackbird Technologies has submitted to the personal jurisdiction of this Court by bringing the present action against Evernote.

5. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual justiciable controversy between Evernote and Blackbird Technologies. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

6. To the extent venue is proper in the underlying patent infringement action, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391 and 1400(b). However, Evernote reserves the right to move to transfer venue in the underlying patent infringement action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '220 Patent)**

7. Evernote re-alleges and incorporates by reference the allegations in paragraph 1-6 above.

8. There exists an actual case or controversy between Evernote and Blackbird Technologies concerning the alleged infringement of the '220 Patent by virtue of Blackbird Technologies' Complaint and Evernote's Answer and Defenses thereto.

9. Evernote has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '220 Patent.

10. Evernote therefore seeks a declaration from this Court that Evernote does not infringe any claim of the '220 Patent.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '220 Patent)

11. Evernote re-alleges and incorporates by reference the allegations in paragraph 1-10 above.

12. There exists an actual case or controversy between Evernote and Blackbird Technologies concerning the alleged infringement of the '220 Patent by virtue of Blackbird Technologies' Complaint and Evernote's Answer and Defenses thereto.

13. One or more claims of the '220 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. For example, and without limitation, one or more claims of the '220 Patent are invalid under each section of 35 U.S.C. § 102 based on prior art that was known or used in the United States, and that the patent was invented by another.

15. Evernote therefore seeks a declaration from this Court that one or more of the claims of the '220 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Evernote prays that the Court enter judgment in its favor and against Blackbird Technologies as follows:

A. Declaring that the claims of the '220 Patent have not been and are not being infringed by Evernote;

B. Declaring that the claims of the '220 Patent are invalid;

C. Denying all relief that Blackbird Technologies seeks in its Complaint;

D. Awarding Evernote its expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

E. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Evernote its costs and attorneys' fees; and

F. Awarding Evernote any other relief that the Court deems just and proper.

Dated: August 31, 2020

Respectfully Submitted:

*/s/ Elizabeth M. Chiaviello*

Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
(713) 890-5435

Scott D. Sherwin (*admission pending*)
Illinois Bar No. 6293788
scott.sherwin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601

(312) 324-1000

Ehsun Forghany (*admission pending*)
California Bar No. 302984
ehsun.forghany@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1401 Page Mill Road,
Palo Alto, CA 94304
(650) 843-4000

*Counsel for Evernote Corporation*

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of August 31, 2020, with a copy of the foregoing via the Court's CM/ECF system.

                                                                    */s/ Elizabeth M. Chiaviello*