# UNITED STATES DISTRICT COURT
## Western District of Texas
## WACO DIVISION

| | | |
|---|---|---|
| BLACKBIRD TECH LLC | § | |
| | § | |
| vs. | § | NO:  WA:20-CV-00603-ADA |
| | § | |
| EVERNOTE CORPORATION, EVERNOTE | § | |
| CORPORATION, BLACKBIRD TECH LLC | | |

**ORDER GOVERNING PROCEEDINGS – PATENT CASE**

This Order shall govern proceedings in this case. The following deadlines are hereby set:

This case is SET for a telephonic Rule 16 Case Management Conference on Thursday, September 24, 2020 at 2:30 p.m.  Participants shall dial into the following number 5 minutes before the scheduled time: **866.434.5269; access code 967-8090**. Lead counsel for each party, and all unrepresented parties, shall be present. Client representatives are welcome to attend, but such attendance is not required. In person attendance is permitted, but not required. Anyone planning to attend in person should so inform the Court by contacting chambers not later than two court days before the scheduled hearing so the Court can evaluate whether to hold the conference in the courtroom, or in chambers. The Court expects the parties to be prepared to discuss:

    a.   an overview of the claims and defenses, including any unique issues the parties believe should be addressed at this stage of the case;

    b.   issues involving the case schedule and potential amendments to the Court's default scheduling order, including the date for the *Markman* Hearing;

    c.   issues relating to claim construction, including whether a live tutorial would be of benefit to the Court;

    d.   issues relating to discovery, including potential amendments to the Court's default discovery limits or Protective Order; and,

    e.   any other issues the parties believe would lead to the just, speedy and inexpensive determination of this action.

2.      (Not later than 7 days before the CMC). Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claims(s) are found.  Plaintiff shall also identify the priority date (*i.c.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy

of the file history for each patent in suit.

3.      (Not later than 3 business days before the CMC). Lead counsel for each party shall meet and confer (either in person or by telephone), to discuss whether they believe the Court's default Scheduling Order and default Discovery Limits are appropriate for this case, and any issues relating to the management of this case they intend to raise at the CMC.

4.      (Two weeks after the CMC). The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings.

5.      (Two weeks after the CMC). Deadline for Motions to Transfer. The Court also adopts the following page limits and briefing schedule for Motions to Transfer:

        a. Opening – 15 pages

        b. Response – 15 pages, due 14 days after the Opening brief

        c. Reply – 5 pages, due 7 days after the Response brief

6.      (Seven weeks after the CMC). Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint,[1] unless the parties agree to some other timeframe.

## DISCOVERY

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery is stayed until after the *Markman* hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant. For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing.

---

[1] With regard to expired patents, the sales information shall be provided for the two years preceding expiration.

With respect to venue and jurisdictional discovery, the Court generally grants leave for the parties to conduct targeted discovery (including, but not limited to requests for production, interrogatories, and depositions) with regard to motions to transfer venue or motions to dismiss based on lack of jurisdiction. If the parties disagree as to what reasonable discovery limits are, the Court encourages the parties to contact the Court to request a telephonic discovery hearing.

Following the *Markman* hearing, the following discovery limits will apply to this case. The Court will consider reasonable requests to adjust these limits should circumstances warrant.

1. Interrogatories: 30 per side2

2. Requests for Admission: 45 per side

3. Requests for Production: 75 per side

4. Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)

5. Expert Depositions: 7 hours per report3

**Electronically Stored Information**. As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose, or propose an alternate plan. If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk (with opposing counsel) to arrange a telephone conference with the Court to summarize the dispute and the parties respective positions. After hearing from the parties, the Court will determine if further briefing is required.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some

---

[2] A "side" shall mean the plaintiff (or related plaintiffs suing together) on the one hand, and the defendant (or related defendants sued together) on the other hand. In the event that the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this Order, a "side" shall be interpreted as if the cases were proceeding individually. For example, in consolidated cases the plaintiff may serve up to 30 interrogatories on each defendant, and each defendant may serve up to 30 interrogatories on the plaintiff.

[3] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## CLAIM CONSTRUCTION ISSUES

**Terms for Construction**. Based on the Court's experience, the Court believes that it should have presumed limits on the number of claim terms to be construed. The "presumed limit" is the maximum number of terms that the parties may request the Court to construe without further leave of Court. If the Court grants leave for the additional terms to be construed, depending on the complexity and number of terms, the Court may split the Markman hearing into two hearings.

The presumed limits based on the number of patents-in-suit are as follows:

### Limits for Number of Claim Terms to be Construed

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|-------------|-------------|---------------------|
| 10 terms | 12 terms | 15 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

**Claim Construction Briefing**. The Court will require simultaneous claim construction briefing with the following default page limits; however, where exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits. These page limits shall also apply collectively for consolidated cases; however, the Court will consider reasonable requests to adjust page limits in consolidated cases where circumstances warrant. In addition, the Court is very familiar with the law of claim construction and encourages the parties to forego lengthy recitations of the underlying legal authorities and instead focus on the substantive issues unique to each case.

Unless otherwise agreed by the parties, all simultaneous filings will take place at 5:00 p.m. CT.

**Page Limits for Markman Briefs**

| Brief | 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|---|
| Opening | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Response | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Reply | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

**Conduct of the Markman Hearing**.

The Court generally sets aside one half day for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties. The Court requires submission of technology tutorials in advance of the *Markman* hearing when they may be of benefit. The parties may submit tutorials in electronic form not later than one week before the *Markman* hearing and the Court encourages the parties to aim for tutorials with voiceovers in the 15 minute range. If a party intends to present a live tutorial, the parties should contact the Court to set-up a Zoom or telephonic tutorial to occur at least a week before the *Markman* hearing. In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. For the Court's convenience, the tutorial may be recorded, but will not be part of the record. Parties may not rely on or cite to the tutorial in other aspects of the litigation.

The Court will consider the parties suggestions on the order of argument at the *Markman* hearing. However, if the parties do not suggest a different procedure, the Court will allow the Plaintiff to pick the first term and then alternate by term. As a general rule, if one side proposes "plain and ordinary meaning" as its construction or asserts that a term is indefinite, the other party shall go first.

## GENERAL ISSUES

1. The Court does not have a limit on the number of motions for summary judgment (MSJs); however, absent leave of Court, the cumulative page limit for Opening Briefs for all MSJs is 40 pages per side.

2.      There may be instances where the submission of substantive briefs via audio file will be of help to the Court. If a party is contemplating submitting a brief via audio file it should contact the Court for guidance on whether it would be helpful to the Court. However, the Court has determined that audio recordings of *Markman* briefs are of limited value and those need not be submitted. The recordings shall be made in a neutral fashion, shall be verbatim transcriptions without additional colloquy (except that citations and legal authority sections need not be included), and each such file shall be served on opposing counsel. The Court does not have a preference for the manner of recording and has found automated software recordings, as well as attorney recordings, to be more than satisfactory. Audio files shall be submitted via USB drive, Box (not another cloud storage), or email to the law clerk (with a cc to opposing counsel) and should be submitted in mp3 format.

3.      The Court will entertain reasonable requests to streamline the case schedule and discoveryand encourages the parties to contact the Court's law clerk (with opposing counsel) toarrange a call with the Court when such interaction might help streamline the case.

4.      The Court is generally willing to extend the response to the Complaint up to 45 days ifagreed by the parties. However, longer extensions are disfavored and will require goodcause.

5.      For Markman briefs, summary judgment motions, and *Daubert* motions, each party shalldeliver to Chambers one (1) paper copy of its Opening, Response, and Reply Briefs, omittingattachments, no later than one week after the last-filed brief or at least a week before the hearing, whichever is earlier.

6.      Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within two weeks of the filing of the IPR.

7.      To the extent the parties need to email the Court, the parties should use the following emailaddress: TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov.


ORDERED this 9th day of September, 2020.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

APPENDIX A – DEFAULT SCHEDULE

| Deadline | Item |
|---|---|
| 7 days before CMC | Plaintiff serves preliminary[4] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | Deadline for Motions to Transfer. |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| 9 weeks after CMC | Parties exchange claim terms for construction. |
| 11 weeks after CMC | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefor. A |

[4] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

OGP Version 3.0

| | failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
|---|---|
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Parties file Responsive claim construction briefs. |
| 19 weeks after CMC | Parties file Reply claim construction briefs. |
| 20 weeks after CMC | Parties submit Joint Claim Construction Statement. In addition to filing, the parties shall jointly submit, via USB drive, Box (not another cloud storage),[5] or email to the law clerk, pdf versions of all as-filed briefing and exhibits. Each party shall deliver to Chambers paper copies of its Opening, Response , and Reply *Markman* Briefs, omitting attachments. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 23 weeks after CMC (but at least 1 week before Markman hearing) | Parties submit optional technical tutorials. The parties shall also jointly submit, via USB drive, Box (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits. |
| 24 weeks after CMC (or as soon as practicable) | Markman Hearing at [9:00 a.m. or 1:00 p.m.] |
| 1 business day after Markman hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing | Deadline to add parties. |
| 8 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to |

[5] To the extent a party wishes to use cloud storage, the parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

OGP Version 3.0

| | |
|---|---|
| | seasonably amend if new information is identified after initial contentions. |
| 12 weeks after Markman hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. |
| 26 weeks after Markman | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after Markman hearing | Close of Fact Discovery. |
| 31 weeks after Markman hearing | Opening Expert Reports. |
| 35 weeks after Markman hearing | Rebuttal Expert Reports. |
| 38 weeks after Markman hearing | Close of Expert Discovery. |
| 39 weeks after Markman hearing | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 42 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after Markman hearing | Serve objections to rebuttal disclosures and **File** Motions *in limine.* |

OGP Version 3.0

| | |
|---|---|
| 46 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after Markman hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after Markman hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| 52 weeks after Markman hearing (or as soon as practicable)[6] | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

[6] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

OGP Version 3.0