```
 1                 UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                        WACO DIVISION

 3   BLACKBIRD TECH, LLC       ) Docket No. WA 20-CA-603 ADA
                               )
 4   vs.                       ) Waco, Texas
                               )
 5   EVERNOTE CORPORATION      ) September 24, 2020

 6

 7             TRANSCRIPT OF TELEPHONIC CONFERENCE
            BEFORE THE HONORABLE ALAN D. ALBRIGHT

 8

 9   APPEARANCES:

10   For the Plaintiff:       Mr. Jeffrey D. Ahdoot
                              Ms. Wendy Verlander
11                            Blackbird Tech, LLC
                              One Boston Place, Suite 2600
12                            Boston, Massachusetts 02108

13                            Mr. Christopher M. Joe
                              Buether, Joe & Counselors, LLC
14                            1700 Pacific Avenue, Suite 4750
                              Dallas, Texas 75201

15

16   For the Defendant:       Ms. Elizabeth M. Chiaviello
                              Morgan, Lewis and Bockius, LLP
17                            1000 Louisiana Street, Suite 4000
                              Houston, Texas 77002

18
                              Ms. Candace Polster
19                            Morgan, Lewis and Bockius, LLP
                              77 West Wacker Drive, Suite 500
20                            Chicago, Illinois 60601

21   Court Reporter:          Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
22                            Austin, Texas 78701
                              (512)391-8792

23

24

25   Proceedings reported by computerized stenography,
     transcript produced by computer-aided transcription.
```

| | | |
|---|---|---|
| 14:30:11 | 1 | THE COURT:  Good afternoon.  It's Alan Albright. |
| 14:30:13 | 2 | Suzanne, would you call the case, please? |
| 14:30:14 | 3 | THE CLERK:  Sure. |
| 14:30:15 | 4 | Telephonic scheduling conference in Civil Action |
| 14:30:17 | 5 | 6:20-CV-603, styled, <u>Blackbird Technology, LLC vs.</u> |
| 14:30:22 | 6 | <u>Evernote Corporation</u>. |
| 14:30:24 | 7 | THE COURT:  If I could hear announcements, |
| 14:30:26 | 8 | please, from counsel, starting with the plaintiff. |
| 14:30:32 | 9 | MR. HIPSKIND:  Yes, your Honor. |
| 14:30:33 | 10 | This is Dan Hipskind.  I believe the case was |
| 14:30:35 | 11 | incorrect.  This is <u>Sable Network, Inc. and Sable IP, LLC</u> |
| 14:30:41 | 12 | <u>vs. Dell</u>. |
| 14:30:42 | 13 | THE COURT:  Okay. |
| 14:30:47 | 14 | MR. JOE:  I'm sorry.  Your Honor, this is Chris |
| 14:30:49 | 15 | Joe.  I think -- I guess I'm a little confused.  I think |
| 14:30:53 | 16 | you just called the Blackbird case. |
| 14:31:02 | 17 | THE COURT:  This is Alan Albright.  I'm equally |
| 14:31:04 | 18 | confused. |
| 14:31:05 | 19 | Suzanne, which case do you need to call? |
| 14:31:08 | 20 | THE CLERK:  Well, Judge, I believe everyone |
| 14:31:10 | 21 | either got moved or cancelled, except for the Blackbird |
| 14:31:14 | 22 | case, which is the one that I just tried to call. |
| 14:31:16 | 23 | THE COURT:  Okay. |
| 14:31:19 | 24 | THE CLERK:  I could be wrong, but I believe |
| 14:31:21 | 25 | that's the e-mail that I got from the law clerk. |

| | | |
|---|---|---|
| 14:31:27 | 1 | THE COURT:  Okay.  Is there anyone for the |
| 14:31:29 | 2 | Blackbird case?  Let me try hearing from the plaintiff in |
| 14:31:31 | 3 | the Blackbird case. |
| 14:31:33 | 4 | MR. JOE:  Hi, your Honor.  This is Chris Joe. |
| 14:31:34 | 5 | I'm serving as local counsel for Blackbird.  I have not |
| 14:31:38 | 6 | heard from lead counsel on the line yet. |
| 14:31:41 | 7 | MR. AHDOOT:  Yes.  This is Jeffrey Ahdoot with |
| 14:31:44 | 8 | Blackbird Technologies.  And also on the line is Wendy |
| 14:31:47 | 9 | Verlander with Blackbird Technologies.  So from |
| 14:31:50 | 10 | plaintiff's side, we're all here. |
| 14:31:51 | 11 | THE COURT:  And anyone for defendant? |
| 14:31:54 | 12 | MS. CHIAVIELLO:  Yes, your Honor. |
| 14:31:55 | 13 | Elizabeth Chiaviello for Evernote.  With me, I |
| 14:31:59 | 14 | have Candace Polster.  We filed her PHV today, and we |
| 14:32:01 | 15 | should have her appearance set in the next two days for |
| 14:32:03 | 16 | you. |
| 14:32:04 | 17 | THE COURT:  Okay.  Fine. |
| 14:32:05 | 18 | And is there someone on the phone who thought |
| 14:32:09 | 19 | they were supposed to be having a call at 2:30 that is a |
| 14:32:13 | 20 | different case? |
| 14:32:17 | 21 | MR. HIPSKIND:  Yes, your Honor. |
| 14:32:18 | 22 | This is Dan Hipskind, plaintiff's counsel in the |
| 14:32:21 | 23 | Sable Networks vs. Dell Technologies case. |
| 14:32:23 | 24 | THE COURT:  Okay.  Is there anyone from defense |
| 14:32:27 | 25 | side on that case? |

14:32:30   1         MR. NEWTON:  Yes, your Honor.

14:32:30   2         This is Mike Newton from Alston & Bird for the
14:32:33   3   Dell Defendants.

14:32:33   4         THE COURT:  Okay.  Then I think we might be
14:32:36   5   double booked.  Let's do this.  Hold on one second.

14:32:56   6         Okay.  Those of you who are on the case involving
14:32:59   7   Dell, we did not get it to you quickly enough apparently,
14:33:09   8   but we are going to do that CMC next week.  I apologize
14:33:14   9   for that.  This is the first time this has happened.  And
14:33:18  10   everyone who is on -- involved in the Dell case, if you
14:33:25  11   accidently screw something up, remind me of this and you
14:33:29  12   get a free pass because clearly things could happen.

14:33:32  13         And so, if you all will -- on the Dell case, if
14:33:37  14   you all will drop off.  My understanding is, you're about
14:33:40  15   to get an order setting the call for next week.  And let
14:33:46  16   me say this, in the Dell case, if there's anything that
14:33:49  17   it's urgent that needs to be done before next week, I'll
14:33:54  18   invite either counsel let me know right now.

14:34:00  19         MR. HIPSKIND:  Nothing from plaintiffs, your
14:34:00  20   Honor.

14:34:03  21         MR. NEWTON:  I will say, I thought this was going
14:34:04  22   to be a Zoom call, so I put on a suit and a tie.  So I've
14:34:07  23   been sitting here.

14:34:08  24         THE COURT:  Well, it's not going to be a suit and
14:34:11  25   tie -- it's not going to be on Zoom.  You don't need to

```
14:34:15   1   have a suit and tie.  However, I'm happy if the folks in
14:34:19   2   the Dell case want to just hang on right now, I'm happy to
14:34:24   3   do the case with Mr. Joe first and work through that, and
14:34:28   4   then, I'll take up the Dell case immediately after, if
14:34:31   5   that's okay with you all.
14:34:34   6             MR. NEWTON:  That works fine for Dell.
14:34:36   7             MR. HIPSKIND:  That's great for the plaintiffs,
14:34:37   8   your Honor.
14:34:37   9             THE COURT:  Okay.  Let's do that then.
14:34:39  10             So, Suzanne, one more time, just because you have
14:34:45  11   this colloquy, why don't you call the case, and I'll have
14:34:48  12   Mr. Joe and opposing counsel announce in that case.  We'll
14:34:50  13   take that up.  And then, immediately after that, you can
14:34:53  14   call -- we'll -- Suzanne will make sure you have the
14:34:57  15   appropriate style in the Dell case, and you can call back,
14:35:01  16   Mr. Joe and company, and I'll take up the second case.
14:35:05  17             So let's do it that way.  That way, I can't screw
14:35:09  18   up so badly.  So, Mr. Joe, are you going to be speaking or
14:35:13  19   is it someone else on behalf of the plaintiff?
14:35:15  20             MR. JOE:  I believe it will be Mr. Ahdoot that
14:35:17  21   will be speaking primarily, but I'm happy to introduce
14:35:21  22   everybody, your Honor.
14:35:21  23             THE COURT:  If you would do that for me, please.
14:35:23  24             MR. JOE:  Okay.  On behalf of the Plaintiff
14:35:26  25   Blackbird, it is Chris Joe with Buether, Joe & Counselors
```

| | | |
|---|---|---|
| 14:35:30 | 1 | and Jeffrey Ahdoot and Wendy Verlander. |
| 14:35:33 | 2 | THE COURT:  Okay.  So is there an issue that we |
| 14:35:39 | 3 | need to take up specifically with regard to the CMC? |
| 14:35:44 | 4 | Typically, I only have these calls if there's an issue |
| 14:35:46 | 5 | that you wanted to talk to me about. |
| 14:35:50 | 6 | MR. JOE:  Yes, your Honor, I believe there is. |
| 14:35:51 | 7 | I'll let Mr. Ahdoot address it. |
| 14:35:54 | 8 | THE COURT:  Okay.  Please do. |
| 14:35:55 | 9 | MR. AHDOOT:  Yes, your Honor. |
| 14:35:56 | 10 | Actually, the issue was raised by defendant's |
| 14:35:59 | 11 | counsel, so it might make sense for them to raise their |
| 14:36:03 | 12 | issue and then, if you'll permit me to respond. |
| 14:36:06 | 13 | THE COURT:  Of course I will. |
| 14:36:07 | 14 | So let me hear from defense counsel and just |
| 14:36:10 | 15 | identify whoever's going to be speaking, and then, I'm |
| 14:36:12 | 16 | happy to hear any response. |
| 14:36:14 | 17 | MS. CHIAVIELLO:  Thank you, your Honor. |
| 14:36:17 | 18 | Elizabeth Chiaviello for Evernote. |
| 14:36:19 | 19 | We wanted to request this CMC with you to address |
| 14:36:22 | 20 | Evernote's request for a modification to the Court's |
| 14:36:25 | 21 | default scheduling procedures. |
| 14:36:27 | 22 | THE COURT:  Okay. |
| 14:36:28 | 23 | MS. CHIAVIELLO:  Evernote, we believe, has a |
| 14:36:30 | 24 | strong on-sale bar defense, and we believe that it would |
| 14:36:33 | 25 | add a lot of efficiency to this case to maybe shuffle that |

14:36:38   1   issue up front.  But before I get into that request, I did

14:36:42   2   want to give you a little bit of background that the

14:36:44   3   parties did have a meet-and-confer on this issue on

14:36:48   4   Monday, as well as for items that were set out in your

14:36:51   5   OGP, your order governing proceedings.

14:36:56   6        At the meet-and-confer, we did give counsel a

14:36:58   7   summary of the defense, our request for modifying the

14:37:01   8   schedule, and we also said we would follow up with a

14:37:04   9   letter.  We did follow up with the letter and the claim

14:37:06   10  chart laying this defense out more formally, but we didn't

14:37:10   11  give it to them until later last night.  So it may make

14:37:14   12  sense for the parties to still -- they may still benefit

14:37:17   13  from the meet-and-confer on this issue.  But nonetheless,

14:37:20   14  we still wanted to come before you on the scheduling

14:37:23   15  request.

14:37:23   16        THE COURT:  Let me ask you this, ma'am, if I can.

14:37:27   17        MS. CHIAVIELLO:  Sure.

14:37:27   18        THE COURT:  What discovery, if any, would you

14:37:31   19  need to take to prepare your motion for -- to be filed

14:37:38   20  with me?

14:37:38   21        MS. CHIAVIELLO:  Elizabeth Chiaviello again for

14:37:41   22  Evernote.

14:37:41   23        With Evernote's on-sale bar defense, we are in

14:37:44   24  possession of the discovery.  We have offered to

14:37:48   25  plaintiffs items for their inspection.  For example, we

14:37:53  1   have provided them with products manuals that display the
14:38:00  2   earliest date that Evernote's products was on sale prior
14:38:04  3   to what we understand to be Blackbird's earliest priority
14:38:09  4   dates.  I believe they disclosed in their infringement
14:38:13  5   contentions that their earliest filing date was May 26,
14:38:17  6   2009.  The earliest invention date was November 7th, 2006.
14:38:22  7   And Evernote's position is that its product which meets
14:38:25  8   the claim limitations as set forth in the infringement
14:38:28  9   contentions meets every limitation, but was on sale more
14:38:33  10  than a year before.  And I believe that date was February
14:38:38  11  7th, 2016.
14:38:41  12          THE COURT:  Okay.  Let me hear from -- were you
14:38:43  13  done, Ms. Chiaviello?
14:38:45  14          MS. CHIAVIELLO:  Yes.  Aside from proposing our
14:38:48  15  scheduling modification, that's all I have to say for
14:38:50  16  that.
14:38:50  17          THE COURT:  Okay.  Let me hear from counsel for
14:38:52  18  the plaintiff, please.
14:38:54  19          MR. AHDOOT:  Yes.  Thank you, your Honor.
14:38:55  20          So as Ms. Chiaviello said, defendants raised this
14:39:00  21  on our meet-and-confer for the first time on Monday.  They
14:39:04  22  said they would get us some materials, some proof or some
14:39:07  23  evidence of their defense as soon as they could.  As
14:39:13  24  counsel correctly noted, that came in later last night,
14:39:16  25  and so, we really have not had any real opportunity to

| | | |
|---|---|---|
| 14:39:20 | 1 | evaluate it, to look at it. |
| 14:39:21 | 2 | And just seeing what they did send, there's |
| 14:39:28 | 3 | obviously going to -- we're going to require more to truly |
| 14:39:31 | 4 | evaluate and confirm their position.  They proposed some |
| 14:39:35 | 5 | sort of four-months-early summary judgment proceeding in |
| 14:39:38 | 6 | which there would be some discovery and then, some summary |
| 14:39:41 | 7 | judgment briefing.  Your Honor, you know, we rejected |
| 14:39:47 | 8 | that.  And while, you know, we're not saying that in no |
| 14:39:50 | 9 | condition can we -- you know, do we want to evaluate that |
| 14:39:54 | 10 | and we want to press forward, we don't think that |
| 14:39:55 | 11 | schedule's necessary in terms of going through their whole |
| 14:39:59 | 12 | four-month process and going through summary judgment. |
| 14:40:02 | 13 | But, you know, to be reasonable, we do want to |
| 14:40:05 | 14 | evaluate this and we take it seriously, and we would be |
| 14:40:08 | 15 | open to some early discovery from them, you know, to |
| 14:40:12 | 16 | really confirm and understand what this defense is, you |
| 14:40:16 | 17 | know, look under the hood more than just kind of the claim |
| 14:40:19 | 18 | chart that they sent us of screen shots, you know, get the |
| 14:40:21 | 19 | code that we need, the source code to confirm that the |
| 14:40:28 | 20 | functionality that they're claiming is there or was there, |
| 14:40:29 | 21 | is there and is still there in the accused product. |
| 14:40:32 | 22 | Those are the type of things we would need.  I |
| 14:40:34 | 23 | don't think that would take a, you know, terribly long |
| 14:40:36 | 24 | time.  Maybe a month, maybe six weeks to do that, and |
| 14:40:40 | 25 | then, maybe, you know, we can go from there.  But I don't |

| | |
|---|---|
| 14:40:42 | 1 |
| 14:40:45 | 2 |
| 14:40:48 | 3 |
| 14:40:52 | 4 |
| 14:40:53 | 5 |
| 14:40:54 | 6 |
| 14:40:58 | 7 |
| 14:41:02 | 8 |
| 14:41:05 | 9 |
| 14:41:09 | 10 |
| 14:41:13 | 11 |
| 14:41:19 | 12 |
| 14:41:26 | 13 |
| 14:41:28 | 14 |
| 14:41:33 | 15 |
| 14:41:36 | 16 |
| 14:41:37 | 17 |
| 14:41:41 | 18 |
| 14:41:43 | 19 |
| 14:41:49 | 20 |
| 14:41:52 | 21 |
| 14:41:57 | 22 |
| 14:42:00 | 23 |
| 14:42:01 | 24 |
| 14:42:05 | 25 |

think we need to set some sort of summary judgment
schedule right now because, you know, we have no intention
of moving forward if there's merit to their defense.  We
just want time to evaluate it.

          THE COURT:  Thank you.

          Let me say, I think God just intended for me to
want to postpone one of these scheduling conferences, and
I started with the wrong one.

          Here is what I'm going to do.  I'm going to reset
this -- I won't give you a date.  You guys could contact
my law clerks.  But I'm going to give you a month to do
what the plaintiff's counsel suggested.  The defendant
needs to get -- I want the defendant to get to the
plaintiff everything that they have that without the
plaintiff asking for it in discovery.  If -- let me start
over.

          If the defendant wants -- and by the way, I think
-- I'm encouraged by the plaintiff's approach here, which
is, you know, I've been through these cases on both sides
of this issue, and there's not much point moving forward
if there is actually an on-sale bar; but the plaintiff
won't know that unless they have an opportunity to look
through everything.

          So I'm going to order the defendant to give to
the plaintiff everything they have in their possession

14:42:08  1  currently that's not privileged that would substantiate an

14:42:13  2  on-sale bar defense.  After the plaintiff receives it, if

14:42:17  3  the plaintiff needs additional information, I think he

14:42:22  4  mentioned maybe source code, which might be needed to, you

14:42:27  5  know, to determine whether or not the functionality is --

14:42:31  6  was infringing or not.  Whatever the plaintiff needs, I

14:42:34  7  want you all to work out and exchange of that.

14:42:37  8          And the exchange should be bilateral.  If the

14:42:40  9  defendant needs certain very specific information from the

14:42:44  10  plaintiff, I want you all to do -- to exchange it.  In

14:42:50  11  about a month, contact my law clerk, whichever law clerk

14:42:53  12  is handling this case, and reset this scheduling

14:42:59  13  conference.  I will be better able to hear at that time

14:43:05  14  whether or not I think there's sufficient merit to the

14:43:09  15  on-sale bar argument to warrant setting a -- before we do

14:43:16  16  everything else, setting a summary judgment motion

14:43:19  17  schedule to try and resolve it.  And I'm completely open

14:43:24  18  to that.

14:43:25  19          You know, I think in a month when we have the

14:43:30  20  CMC, if you all tell me -- if the defendant persuades me

14:43:34  21  that they could make an argument in good faith on an

14:43:37  22  on-sale bar motion, probably what I'll do is, I'll have

14:43:43  23  y'all brief it quickly and set a hearing for it as soon as

14:43:47  24  the briefing is ripe, and get you a resolution at a

14:43:52  25  hearing immediately after the briefing is ripe.

14:43:58    1          If that motion were successful, we'll go in one

14:44:03    2    direction.  If the motion were unsuccessful, then we can

14:44:05    3    take up the scheduling order in kind of regular of course.

14:44:10    4    But that should only cost us, I would think, total maybe

14:44:15    5    three months, at the most, from now.  That would include

14:44:18    6    the window for the exchange of information, and the

14:44:21    7    evaluation by the plaintiff, and all the briefing if there

14:44:25    8    is to be briefing, and the hearing, and a resolution of

14:44:28    9    this matter.

14:44:28    10          So the Court will handle this very expeditiously.

14:44:35    11    All that being said, is there anything else, starting with

14:44:38    12    the defendant, you'd like to take up before we adjourn and

14:44:42    13    we get back together in a month?

14:44:45    14          MS. CHIAVIELLO:  No, your Honor.

14:44:46    15          Elizabeth Chiaviello for defendant.  Nothing

14:44:49    16    else.

14:44:49    17          THE COURT:  And for plaintiff?

14:44:52    18          MR. AHDOOT:  This is Mr. Ahdoot.

14:44:52    19          No.  Nothing further, your Honor.

14:44:53    20          THE COURT:  Okay.  And let me -- I'm not sure --

14:44:59    21    I don't remember whether or not -- who's been in front of

14:45:02    22    me before or not, but I realize I'm -- at some level, I am

14:45:06    23    giving you sort of a general or generic request of what

14:45:10    24    you should exchange.

14:45:12    25          If there is an issue between counsel as to what

| | | |
|---|---|---|
| 14:45:15 | 1 | needs to be provided, the way I handle things in my court |
| 14:45:20 | 2 | is, I don't want you all spending enormous number of hours |
| 14:45:24 | 3 | trying to figure out what gets exchanged or doesn't.  If |
| 14:45:27 | 4 | you come to an impasse, just contact my law clerk, I'll |
| 14:45:30 | 5 | set a phone conference very quickly.  I know what it is I |
| 14:45:34 | 6 | want you to be doing, and I could be very helpful in |
| 14:45:37 | 7 | encouraging either side to get stuff done. |
| 14:45:42 | 8 | So just if you have a problem, just contact me, |
| 14:45:45 | 9 | and I'll stay as involved as possible.  Because I really |
| 14:45:49 | 10 | do want this issue to be completely resolved in a manner |
| 14:45:52 | 11 | that doesn't push back the schedule in this case too much. |
| 14:45:59 | 12 | Everyone who is involved in the case I just |
| 14:46:02 | 13 | discussed, you're welcome to drop off unless you just like |
| 14:46:07 | 14 | to hear another exciting scheduling conference take place, |
| 14:46:11 | 15 | which you're welcome to do, as well.  And again, if you |
| 14:46:14 | 16 | have any problems, let my clerk know and we'll set a |
| 14:46:17 | 17 | hearing quickly. |
| 14:46:18 | 18 | Other than that, be safe.  I look forward to |
| 14:46:21 | 19 | talking to you in a month. |
| 14:46:22 | 20 | MR. AHDOOT:  Thank you, your Honor. |
| 14:46:23 | 21 | MS. CHIAVIELLO:  Thank you, your Honor. |
| 14:46:25 | 22 | MR. JOE:  Thank you, your Honor. |
| | 23 | (Proceedings concluded.) |
| | 24 | |
| | 25 | |

* * * * * *

UNITED STATES DISTRICT COURT   )

WESTERN DISTRICT OF TEXAS)


     I, LILY I. REZNIK, Certified Realtime Reporter,

Registered Merit Reporter, in my capacity as Official

Court Reporter of the United States District Court,

Western District of Texas, do certify that the foregoing

is a correct transcript from the record of proceedings in

the above-entitled matter.

     I certify that the transcript fees and format comply

with those prescribed by the Court and Judicial Conference

of the United States.

     WITNESS MY OFFICIAL HAND this the 4th day of November,

2020.



                                   /s/Lily I. Reznik
                                   LILY I. REZNIK, CRR, RMR
                                   Official Court Reporter
                                   United States District Court
                                   Austin Division
                                   501 W. 5th Street,
                                   Suite 4153
                                   Austin, Texas 78701
                                   (512)391-8792
                                   SOT Certification No. 4481
                                   Expires:  1-31-21