# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | |
| *Plaintiff*, | C.A. No.: 6:20-cv-00603-ADA |
| v. | JURY TRIAL DEMANDED |
| EVERNOTE CORPORATION | |
| *Defendant*. | |

## [PROPOSED] PROTECTIVE ORDER[1]

WHEREAS, Plaintiff Blackbird Tech LLC d/b/a/ Blackbird Technologies ("Blackbird") and Defendant Evernote Corporation (hereafter referred to as "the Parties" or "Party" when referring to one side) believe that certain information that will likely be encompassed by discovery demands by the Parties discloses or reflects trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek the entry of a protective order to limit the disclosure of any such information in accordance with Federal Rule of Civil Procedure 26(c).

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to

---

[1] Per the Court's instruction, for disputed provisions, Plaintiff's proposed language is in RED and Defendant's proposed language is in BLUE.

whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential," "Confidential – Outside Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively "DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

may be made at any time. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

**PROTECTIVE ORDER**                                                          **Page 3**

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the Court:

(a)    outside counsel in this Action for the Parties, including the partners, members, associates and contract attorneys of such counsel;

(b)    counsel of record at Blackbird;

(c)    employees or other members of the staff of such counsel identified in (a) and (b) above assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(d)    with the exception of Paragraph 5(b) of this Order, in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and legal support staff assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(e)    up to and including two (2) designated representatives of each of the Parties who are officers or employees of a Party, to the extent reasonably necessary for the litigation of this Action and identified in writing to the other Party at least three days in advance, except that either party may in good faith request the other Party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(f)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with the following materials:
  i.    a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and his or her employers in the past (4) four years;
  ii.    a list of all cases in which the consultant or expert has worked in the past four (4) years; and
  iii.    a list that identifies each person or entity for which the consultant or expert has consulted during the last four (4) years, and that identifies the general subject matter of the work (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment and general subject area of the technology);

**PROTECTIVE ORDER**                                                                            **Page 4**

Such information will be provided to the producing Party at least seven (7) calendar days before access to the Protected Material is to be given to that consultant to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court ten (10) days after notice is received, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

(g)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, and mock jurors, provided they are only exposed to DESIGNATED MATERIAL during the course of a mock exercise and separately sign onto this Order and agree to be bound by its terms prior to the mock exercise. Mock jurors signing this Order need not be disclosed to the producing Party; and

(h)     the Court and its personnel and the jury as well as any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, collection of documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the receiving Party and other receiving persons authorized to access DESIGNATED MATERIAL under this Order only in the litigation of this Action and shall not be used for any other purpose, including for the purpose of obtaining an assignment of, or any other rights to, any patents or other intellectual property. Any person

**PROTECTIVE ORDER**                                                                                           **Page 5**

or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

Acquisition Bar.  Any person or Party who obtains, receives, has actual access to, or otherwise learns, in whole or in part, the other Party's RESTRICTED CONFIDENTIAL SOURCE CODE, as defined in paragraph 13 below, shall not directly or indirectly (i) advise or participate in the acquisition or licensing of any patent, or advise or evaluate any currently owned patent, that will be asserted against the designating Party in a future litigation or (ii) advise any patent holder, patent owner, company, or investor, including Blackbird and any of its subsidiaries or affiliates, on the selection or valuation of any patent or claim that will be asserted against the designating Party in a future litigation (the "Acquisition Bar").  The Acquisition Bar starts on the date of this Order and ends twelve (12) months following the conclusion of this litigation, including any appeals.  Nothing in this provision shall prevent any attorney of record from assisting its client in settlement negotiations in this case or advising on legal matters involving validity of patents (for example, an *inter-partes* review).

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes extremely

**PROTECTIVE ORDER**                                                        **Page 6**

sensitive technical information, *i.e.*, computer source code ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.    For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)-(d), and 5(f)-(h).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply, unless the producing Party and the receiving Party agree otherwise in writing in a stipulation filed with the Court. Once a producing Party makes its Source Code available and upon the receiving Party's written notice at least three (3) business days in advance, Source Code shall be made available according to the following:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer solely for the limited purposes pursuant to paragraphs 10(h and i) below.  The stand-alone computer(s) will be placed in a secured room at the corporate offices of the producing Party, any office of the producing Party's law firm, or other location as agreed upon by the Parties. No recordable media, recordable devices, computers, cell phones, or other electronic devices may be brought into the secured room.  The receiving Party shall sign a log with the following information:  name, signature, date, time in, and time out of the Source Code Material room.  The producing Party shall maintain this log.  The producing Party shall also be entitled to have a person who is not an attorney visually monitor, from outside of the secured room, the Receiving Party's actions in the secured room to ensure compliance with the provisions of this Order governing source code provided, however, that said person shall not be permitted to view, from outside the secured room, the screen of the standalone computer, and shall not be permitted to view any work product generated by the receiving Party's representative(s);

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:00 p.m. local time.  However, upon

**PROTECTIVE ORDER**                                                              **Page 7**

reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at its corporate offices or other location agreed to by the Parties shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(d)      Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a)-(c) and 5(g)-(h), and up to three (3) outside consultants or experts (but not affiliates of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(f) above.  Counsel of record and individuals under paragraph 5(h) do not have to sign the Undertaking attached as Appendix A. Any other authorized individual under paragraphs 5(a)-(c) and 5(f)-(h) that wants access to RESTRICTED CONFIDENTIAL SOURCE CODE shall complete the Undertaking attached as Appendix A.  If the Parties reach an agreement, other individuals may be added to this list, and any such stipulation shall be in writing and filed with the Court.

Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a), 5(c)(limited to outside counsel employees), and 5(f)-(h).  Individuals under paragraph 5(h) do not have to sign the Undertaking attached as Appendix A. Any other authorized individual under paragraphs 5(a), 5(c)(limited to outside counsel employees), and 5(f)-(g) that want access to RESTRICTED CONFIDENTIAL SOURCE CODE shall complete the Undertaking attached as Appendix A.  If the Parties reach an agreement, other individuals may be added to this list, and any such stipulation shall be in writing and filed with the Court.

(e)      A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, infringement contentions, discovery document, deposition transcript, or other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

**PROTECTIVE ORDER**                                                                 **Page 8**

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, uncited Source Code Material must be redacted and, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. Alternatively, the producing party may choose to produce redacted Source Code Material in a Source Code Document under the RESTRICTED – ATTORNEYS' EYES ONLY designation.

(g)     No written or electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as provided in paragraphs 10(f) and 10(g) above and as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to request from the producing Party a reasonable number of printouts of Source Code Material, which shall be limited to 250 pages per representative version of any product accused of infringement by Plaintiff or asserted as prior art by Defendant, with no contiguous block greater than 25 pages, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  The receiving Party may request to print additional pages beyond the aforementioned limits and the Parties will meet and confer in good faith regarding such a request. The producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested for printing by the receiving Party. Three (3) copies of requested printouts shall be provided to the receiving Party within three (3) business days of the request. The producing Party shall retain a copy of the printouts provided to the Receiving Party. The receiving Party shall be permitted to request that the producing party print the folder structures, if any, containing the Source Code Material, including the filenames contained therein. Such printout of the folder structure shall be clearly labeled "RESTRICTED CONFIDENTIAL COUSE CODE," and such printout shall not count against the aforementioned page limits.

(i)     If the receiving Party's outside counsel, consultants, experts, or any other authorized person obtain printouts or photocopies of Source Code Material or notes, the receiving Party shall ensure that such outside counsel, consultants, experts, or person keeps the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultant, or expert. The receiving Party may also temporarily keep the printouts or photocopies in a secured location under lock and key at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any secure intermediate location reasonably necessary to transport the printouts or photocopies; and

**PROTECTIVE ORDER**                                                                    **Page 9**

(j)      A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via a delivery service that is secure, includes tracking on the package, and includes signature required for delivery of the package.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

11.     The producing Party shall install commercially available software tools of the receiving Party's choice for viewing and searching Source Code on the secure computer(s) containing Source Code at the requested date and time of inspection, provided, however, that such other software tools are in compliance with all of the terms, conditions, and protections herein.  Software tools may include, but are not limited to, Eclipse, Microsoft Visual Studio, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Notepad++, Windows GREP, dtSearch, Beyond Compare, Crimson Editor, or outside counsel, and similar programs. At least five (5) business days in advance of the inspection, the receiving Party must provide the producing Party with the software tool(s) either via a CD or DVD containing such software tool(s) or directions for downloading the software tool(s).  The receiving Party is responsible for the cost of and for obtaining any necessary licenses for any such software tool(s).  The software tool(s) provided by the receiving Party shall not be modified by the producing Party prior to or after installation.

12.     The producing Party may not configure its Source Code and/or review computer(s) in a manner that unreasonably impedes or slows the receiving Party's ability to inspect the Source Code or allows the producing Party to monitor the receiving Party's inspection (*e.g.*, key logging, video capture, in-person monitoring, etc.).  The individuals allowed to view Source Code shall be entitled to take notes relating to the Source Code provided, however, that no one may copy Source Code into said notes.  No provision in this section

**PROTECTIVE ORDER**                                                                                     **Page 10**

gives the producing Party the right to inspect or review any notes and/or other work product of the receiving Party.  However, if the producing Party has good cause to believe that the provisions of this Protective Order have been violated, then the producing Party may request that the Court conduct an *in-camera* review of said notes.

13.   Prosecution Bar.  Absent written consent from the producing Party, which shall be filed with the Court as a joint stipulation, any individual who receives and reviews, on behalf of a receiving Party, any of a Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL") shall not prepare, prosecute, supervise, assist or otherwise be involved in the preparation or prosecution of any patent application involving

the subject matter of the patents-in-suit, during the pendency of this Action and for one year after the entry of final judgment in the litigation against the Defendant.

the subject matter of the disclosures of the patents-in-suit, note taking, organizing, task management, or archiving during the pendency of this Action and for one year after its conclusion, including any appeals.

Nothing in this paragraph shall prevent any attorney or person associated with a receiving Party that has received another party's or third-party's HIGHLY SENSITIVE MATERIAL from participating in any way in any post-grant patent proceedings (*e.g.*, reexamination, *inter partes* review and/or post-grant review) that is instituted or sought to be instituted challenging the validity of any patents; however, said attorney or person may not assist the Party owning the challenged patent in drafting, amending, or proposing for substitution to

the PTO patent claims in said post grant proceeding(s). Prior to the production of any HIGHLY SENSITIVE MATERIAL, counsel for the Parties will confer to designate the individuals who are to receive the materials. To the extent the producing Party includes any individual that was not designated to receive HIGHLY SENSITIVE MATERIAL, that individual will not be subject to the Prosecution Bar set forth in this paragraph simply by receiving the materials. Upon learning that HIGHLY SENSITIVE MATERIALS were inadvertently received, this individual shall inform the producing Party that it received HIGHLY SENSITIVE MATERIALS, including a representation of whether the materials were reviewed.  If the HIGHLY SENSITIVE MATERIALS were reviewed, unless the producing Party objects within seven (7) days, that individual will not be subject to the Prosecution Bar set forth in this paragraph. If the HIGHLY SENSITIVE MATERIALS were reviewed and if the producing Party objects, the individual will not be subject to the Prosecution Bar set forth in this paragraph unless ordered by the Court if the individual destroys or returns all HIGHLY SENSITIVE MATERIALS and agrees to no further review of those HIGHLY SENSITIVE MATERIALS, otherwise the individual will be subject to the Prosecution Bar.  The restrictions set forth in this paragraph (Prosecution Bar) shall not be triggered by review of a document, thing, or testimony later designated as RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE to the extent the document, thing, or testimony was not so designated at the time of review.

14.     Covenant to Not Sue.

        If Defendant produces or discloses information designated as "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE

CODE," Blackbird covenants not to sue Defendant for infringement of patents involving the subject matter of the patents-in-suit that are acquired during the time between (a) the date on which the Defendant first produces or discloses information designated as "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE," and (b) one year after the entry of final judgment in the litigation against the Defendant (the "Restricted Patents"). Blackbird further covenants not to sue any person that purchases a product from Defendant (a "Customer") for infringement of a Restricted Patent by a product that is accused by Blackbird of infringement in the above-captioned litigation against that Defendant and which is purchased by the Customer from Defendant. Blackbird further covenants not to sue any third-party person that supplies Defendant with a product (a "Supplier") for infringement of a Restricted Patent by a product accused by Blackbird of infringement in the above-captioned litigation against Defendant. After Defendant is no longer party to these litigations, it will, within 14 days of a written request from Blackbird for confirmation that a person is a Customer or a Supplier, disclose to Blackbird whether the person is a Customer or a Supplier subject to the covenant not to sue set forth in this paragraph and, upon request, provide documentary evidence sufficient to show the same. To the extent a Supplier or Customer is not disclosed in response to such a request from Blackbird, the covenant not to sue set forth in this paragraph will not apply with respect to that person.

If Defendant produces or discloses information designated as "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE

**PROTECTIVE ORDER**                                                                 **Page 13**

CODE," Blackbird covenants not to sue Defendant for infringement of any Restricted Patent, as defined below. A Restricted Patent is any patent (a) that claims priority to the patent-in-suit (*e.g.*, a child, continuation, continuation-in-part, or divisional) or the patent-in-suit claims priority to (*e.g.*, a parent), or (b) any patent that involves (i) the subject matter of the disclosures of the patent-in-suit, (ii) note taking software, (iii) organizing software, (iv) task management software, (v) or archiving software and is currently owned by Blackbird, or is assigned or licensed to Blackbird during the Restricted Time, as defined below. The Restricted Time starts on the date the Defendant first produces or discloses information designated as "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" and ends one year after the conclusion of this lawsuit, including any appeals. Blackbird further covenants not to sue any person that purchases or uses a product from Defendant (a "Customer") for infringement of a Restricted Patent by a Defendant product. This covenant does not prevent Blackbird from suing a Customer for infringement of a Restricted Patent based on the Customer's purchase or use of a third-party product. Blackbird further covenants not to sue any third-party that supplies Defendant with a product, or component thereof, (a "Supplier") for infringement of a Restricted Patent by a product, or component thereof, that is purchased or used by Defendant. This covenant does not prevent Blackbird from suing a Supplier for infringement of a Restrict Patent based on the Suppliers' sale or use of a product by a third-party. After Defendant is no longer party to these litigations, it will, within 35 days of a written request from Blackbird for confirmation that a person is a Customer or a

**PROTECTIVE ORDER**                                                              **Page 14**

Supplier, disclose to Blackbird whether the person is a Customer or a Supplier subject to the covenant not to sue set forth in this paragraph and, upon request, provide documentary evidence sufficient to show the same.  Notice shall be provided to Defendant via a mail service with tracking to:  Evernote Corporation, General Counsel, 305 Walnut Street Redwood City, CA 94063 and to Scott Sherwin, Morgan, Lewis & Bockius LLP, 110 N. Wacker Dr. 30th Floor, Chicago, IL 60606.  A response to Blackbird will be sent via [mail or email] to:  [XXX]. To the extent a Supplier or Customer is not disclosed in response to such a request from Blackbird, the covenant not to sue set forth in this paragraph will not apply with respect to that person.

15.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Inadvertent or unintentional disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) of the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages

containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

16.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties and all persons authorized to have access to DESIGNATED MATERIAL are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  This Order does not restrict the producing Party's rights as to its own DESIGNATED MATERIAL.

17.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, someone who has, in the ordinary course of business, seen such DESIGNATED MATERIAL, or (iv) another person entitled hereunder to access DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

18.    Parties may, at the deposition or within thirty (30) days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL,"  "RESTRICTED – ATTORNEYS'  EYES  ONLY,"  or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to

the deposition so designated shall be limited in accordance with the terms of this Order. If not designated at the deposition, until expiration of the 30-day period, the entire deposition shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY". The designation, sealing and redaction of hearing transcripts shall be done in accordance with the Court's local rules.

19. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application

shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other

**PROTECTIVE ORDER**                                                                                    **Page 18**

material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

25.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  This paragraph notwithstanding, there shall be no obligation for outside counsel of record to return, purge, or destroy DESIGNATED MATERIAL that is integrated into counsel's work product, even if that material has been specifically designated.  The outside counsel of record receiving the DESIGNATED MATERIAL may keep their attorney work product which refers or relates to any DESIGNATED MATERIAL.  Nothing in this Order requires the return or destruction of any information that is required by law to be retained or that is stored in back up/archive systems. Furthermore, there shall be no obligation for outside counsel of record to search, in their company e-mail accounts or other e-mail accounts that they used in connection with transmitting documents in this litigation, for, and destroy, emails containing DESIGNATED MATERIAL.

26.      The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.     No Party shall be required to identify on its privilege log any document or communication related to this litigation dated on or after the filing of the first above-captioned case that, absent this provision, the party would have been obligated to so identify on its privilege

log.  The parties shall exchange their respective privilege logs at a time to be agreed upon

by the parties following the production of documents.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | |
| *Plaintiff*, | |
| v. | C.A. No.: 6:20-cv-00603-ADA |
| EVERNOTE CORPORATION | JURY TRIAL DEMANDED |
| *Defendant*. | |

**APPENDIX A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

My current employer is _____.

My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      In particular, I understand that I am bound by all of the terms in this Protective Order, including the prohibition on acquiring patents (Paragraph 7) and participating in patent prosecution activity (Paragraph 13).

5.      Promptly upon being notified of the final termination of this action, I will return or destroy all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature        _____

Date             _____


**PROTECTIVE ORDER**                                                      **Page 2**